IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00132-RLV
(5:97-CR-00001-RLV-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of what Petitioner has labeled as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that the motion for relief must be construed as a motion to vacate, set aside or correct sentence, pursuant to the provisions 28 U.S.C. § 2255, and it will be dismissed.

## I. BACKGROUND

On February 23, 1998, Petitioner was sentenced to 360-months' imprisonment for conviction on two counts charged in an indictment returned by the Grand Jury for the Western District. In Count One, Petitioner was charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and Count Two charged Petitioner with aiding and abetting the possession with intent to distribute the cocaine, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2. (5:97-CR-00001, Doc. No. 72: Judgment in a Criminal Case; Doc. No. 109: Presentence Investigation Report (PSR ¶ at 1).

Petitioner filed a timely notice of appeal to the United States Court of Appeals for the

1

Fourth Circuit. On October 29, 1998, the Court filed an unpublished decision upholding Petitioner's conviction and sentence. United States v. Dudley, No. 98-4166 (4th Cir. filed Oct. 29, 1998) (unpublished).

On September 27, 1999, Petitioner filed a Section 2255 motion to vacate. After considering the arguments advanced by the Petitioner and the Government, the Court found Petitioner had failed to present any meritorious claims and therefore his motion was denied and dismissed. (5:99-CV-00152-RLV, Doc. No. 24: Order filed Mar. 27, 2002). Petitioner's appeal was dismissed by the Fourth Circuit. Dudley v. United States, No. 02-6735 (4th Cir. filed Sept. 23, 2002).

On August 7, 2006, the Court declined Petitioner's offer to reconsider the Order denying relief under § 2255, and dismissed the motion as an unauthorized, successive § 2255 motion. (Doc. No. 35). On October 11, 2006, the Fourth Circuit denied Petitioner's petition for a rehearing. In Re: Sean Lamont Dudley, No. 06-6452 (4th Cir. Oct. 11, 2006) (unpublished). (Doc. No. 36).

On October 16, 2006, Petitioner filed a notice of appeal from this Court's August 7, 2006, Order denying his motion to reconsider as an unauthorized, successive § 2255 motion. (Doc. No. 37). On February 23, 2007, the Fourth Circuit dismissed Petitioner's appeal. United States v. Dudley, No. 06-7832 (4th Cir. Feb. 23, 2007). On May 11, 2007, the Fourth Circuit denied Petitioner's petition for a rehearing, and the Fourth Court denied Petitioner's appeal from this Court's order denying his motion for recusal. In Re: Sean Lamont Dudley, No. 08-1097 (4th Cir. May 28, 2008) (unpublished).

Next, on January 30, 2012, Petitioner returned to this Court and renewed his collateral

2

efforts to challenge his sentence through the filing of various motions for reconsideration of the trial court's decision denying and dismissing his Section 2255 motion. (Doc. Nos. 58-60). Through these motions, Petitioner argued that a recent case from the Fourth Circuit—United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc)—entitled him to relief from his sentence which was meted out over fourteen (14) years earlier. The Court denied relief and dismissed the § 2255 motion. Petitioner appealed. The Fourth Circuit dismissed his appeal in a per curiam decision after noting that Petitioner's motion for relief in the district court, while styled as a Rule 60(b) motion, was in actuality an unauthorized, successive motion under § 2255(h). United States, No. 12-7927 (4th Cir. Mar. 1, 2013) (unpublished). On May 6, 2013, the Fourth Circuit denied Petitioner's petition for a rehearing. (Doc. No. 67).

On September 18, 2013, Petitioner filed still another motion which he contends is for relief from judgment under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner contends that there was "a legal defect inherent [in] the collateral proceeding." (5:13-CV-00132, Doc. No. 1 at 1). Petitioner renews his attack on the legality of his sentence and the validity of his career offender designation, and again cites Simmons, among other cases, in support of his claim for relief.[1]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

---

[1] Petitioner has also filed a motion to amend his present pleading contending that the motion should be granted because the Fourth Circuit has filed "new case law" that entitles him to habeas relief. The motion to amend will be denied as futile for the reasons set forth below; namely, because this Court is without jurisdiction to entertain the merits of a successive, § 2255 petition.

relief.

After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

The relief Petitioner is seeking through a Rule 60(b) motion—an order vacating his sentence—is the same relief that he could obtain through a successful § 2255 proceeding. That he may label his motion as one filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is of no moment. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Petitioner's efforts to characterize his attack on his sentence as a Rule 59(e) or Rule 60(b) motion must fail. Winestock, 340 F.3d at 205.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no evidence that Petitioner has obtained the necessary authorization to file the

instant motion, which this Court construes as a successive application under § 2255. The Court is therefore without jurisdiction to consider the merits, if any, of the present action. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Winestock, 340 F.3d at 205.

For the reasons stated herein, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to amend is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 9, 2013

Richard L. Voorhees
United States District Judge